OPINION.
Petitioner-appellee Donnie Clontz was sentenced to six months' incarceration, with credit for time served, for domestic violence. After completing his sentence, Clontz was placed on post-release control. He was sanctioned three times for violating terms of his post-release control. While serving time in the Hamilton County Justice Center on the third sanction, Clontz asked the trial court to issue a writ of habeas corpus ordering his release from custody. The court granted the writ, and respondent-appellant Ohio Adult Parole Authority (OAPA) now appeals.
In its sole assignment of error, OAPA asserts that the writ of habeas corpus was improperly granted. Not so. In State v.Duncan,[1] we held that R.C. 2967.28, the statute authorizing post-release control, is unconstitutional under the separation-of-powers doctrine and the due-process provisions of the United States and Ohio Constitutions. Here, we conclude that Clontz had standing to challenge his post-release control and that a petition for habeas corpus was a proper method to do so.[2]
Based on the authority of Duncan, we overrule OAPA's assignment.
We note that the trial court granted the writ of habeas corpus based on a statutory interpretation of R.C. 2967.28, not based on the constitutionality of the statute. (The court's decision was issued before Duncan was released.) In the petition for habeas corpus, Clontz argued that, under R.C. 2967.28(F)(3), he had served more than the maximum prison time permitted for post-release control. R.C. 2967.28(F)(3) states, "[T]he maximum cumulative prison term for all violations under this division shall not exceed one-half of the stated prison term originally imposed upon the offender as part of this sentence." Clontz pointed out that he had already served 207 days for post-release-control sanctions. One-half of his original six-month prison term was three months, which was exceeded by the 207 days. OAPA responded by pointing out that only 43 of those days were served in state prison, while 164 of the days were served in the Hamilton County Justice Center. According to OAPA, the reference to a "prison term" in R.C. 2967.28(F)(3) only encompassed time spent in the state prison, not in a local justice center. Because Clontz had only spent 43 days in the state prison, OAPA argued that he had not exceeded the maximum time permitted for post-release control.
The trial court rejected OAPA's argument. It stated, "It is disingenuous to suggest that time does not run while holding a defendant in a county jail facility and that only time held in a state prison facility counts. If this were the case, a defendant could be held indefinitely in local facilities and never get any credit for time in which his freedom of movement was totally restricted."
We also affirm the trial court based on the statutory-interpretation issue. We agree that time spent in a county jail and time spent in a state prison should not be treated differently under R.C. 2967.28(F)(3). We do not interpret statutes to reach an absurd result, and we note that OAPA's position only highlights the unconstitutionality of the scheme — under OAPA's suggested interpretation, Clontz could serve "local time" almost indefinitely on a judge's original sentence of six months. If Clontz had been held in the local jail awaiting transfer to a state facility, he would have been credited for the time.[3] Generally, credit is given for any time of incarceration.
We hold that the "maximum cumulative prison term" under R.C.2967.28(F)(3) includes any time spent incarcerated in any manner. Any other interpretation, especially that urged by OAPA, would produce a bizarre and Kafkaesque result.
 _____________________ Painter, Judge
 Gorman, P.J., and Winkler, J., concur.
[1] (Apr. 14, 2000), Hamilton App. No. C-990582, unreported.
[2] See State v. Spikes (1998), 129 Ohio App.3d 142, 147,717 N.E.2d 386, 390.
[3] See R.C. 2967.191.